UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO.: 8:23-cr-167-KKM-AAS

JAMES PATRICK SYCHOWSKI

**UNITED STATES' MOTION FOR
PRETRIAL ADMISSION OF BUSINESS RECORDS**

James Patrick Sychowski ("Sychowski") is charged with possessing ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1). In the superseding indictment, Doc. 40, the government has alleged that defendant Sychowski committed nine felonies prior to February 7, 2023 (at least three of which were committed on different occasions from one another). The government anticipates arguing at trial said felonies qualify defendant Sychowski for an enhanced sentence under the Armed Career Criminal Act. Doc. 40. Further, an element of the offense charged is that the defendant possessed the ammunition knowing he had previously been convicted of a felony offense.[1]

The government anticipates proving that defendant Sychowski's prior convictions were "committed on occasions different from one another," under the ACCA, by the introduction of defendant Sychowski's prior felony convictions which

---

[1] See Eleventh Circuit Pattern Jury Instruction for Possession of a Firearm or Ammunition by a Convicted Felon (O34.6). The parties anticipate stipulating in the first phase of the trial that defendant Sychowski is a convicted felon. If a second phase of trial is necessary to determine if defendant Sychowski qualifies for an ACCA enhanced penalty, the government intends to introduce evidence of certain prior felony convictions to establish said convictions were "committed on occasions different from one another."

1

comprise judgments, sentences and felony informations. The prior felony convictions show that defendant Sychowski pleaded nolo-contendere or guilty to several felony criminal offenses in the Circuit Court of Pasco County ("Pasco Convictions"), specifically, in Case No.: 2007-CF-1815 and Case No.: 2007-CF-1986 on July 18, 2008. In Case No. 2007-CF-1815, defendant Sychowski pleaded nolo-contendere to the following crimes: (1) aggravated assault (Count Four); (2) carjacking (Count Seven); and attempted murder (Count Nine). *See* DISC-00062 to -00068. These prior criminal offenses are also listed on the superseding indictment. The government has produced in discovery the judgments and sentences relating to these criminal priors in its First Discovery Production transmitted to defense counsel on June 7, 2023.

To resolve any evidentiary objections related to admitting defendant Sychowski's Pasco Convictions into evidence, the government hereby moves for the pretrial admission of the Pasco Convictions in Case Nos.: 2007-CF-1815 and 2007-CF-1986 as a business record pursuant to Fed. R. Evid. 803(6) and 902(11). In the alternative, the Pasco Convictions are admissible as a certified public record under Fed. R. Evid. 803(8) and 902(4), or under the residual exception in Fed. R. Evid. 807, as applicable.

Finally, the government asks the Court to take judicial notice of the Pinellas Convictions and the alleged dates of offense pursuant to Fed. R. Evid. 201.

**The Pasco Circuit Court Convictions**

The government seeks admission of the Pasco Convictions entered on July 18, 2008, which record defendant Sychowski's nolo contendere for the following felonies: (1) aggravated assault (Count Four); (2) carjacking (Count Seven); and attempted murder (Count Nine). Also included in the Pasco Conviction documents are defendant Sychowski's fingerprint cards taken in open court on July 18, 2008. On February 22, 2024, pursuant to Fed. R. Evid. 803(6) and 902(11), the government filed a notice that it would rely on the declaration of authentication of business records of the Pasco County Clerk of the Circuit Court and Comptroller concerning the Pasco Circuit Court Convictions. Doc. 71.

**I.     The Pasco Conviction Documents Are Admissible.**

The judgment, sentence, and information are admissible as a business record under Federal Rule of Evidence 803(6), or as a public record under Federal Rule of Evidence 803(8). The Eleventh Circuit has previously held that an indictment is admissible as a business record and a public record. In *Carrizosa v. Chiquita Brands Int'l, Inc.* 47 F.4th 1287, 1299-1300 (11th Cir. 2022), the Eleventh Circuit reviewed and reversed the district court's decision to exclude a Colombian indictment under Rule 803(6) and Rule 803(8). In *Carrizosa*, the district court excluded a declaration that the proponent of the evidence argued would have satisfied the foundational facts for the business records hearsay exception permitting admission of the indictment. *Id.* at 1299. The Eleventh Circuit accepted the declaration and found that the indictment was admissible as a business record and should have been received into

3

evidence.

Similar to the *Carrizosa* case, the government relies on a notice of filing a declaration of authentication of business records (Doc. 71) from a custodian of records from the Pasco County Clerk of Court and Comptroller certifying that the felony information, judgment and sentence in Case No.: 2007-CF-1815 (and other cases) satisfy Rules 803(6) and 902(11). Here, the government seeks to admit into evidence a Florida information, not a foreign charging instrument like in *Carrizosa*, and has satisfied the foundational elements of Rule 803(6) by way of its declaration. It follows *a fortiori* that the information as well as the judgment and sentence in the above cited case numbers are also admissible.

The Eleventh Circuit also found that the Colombian indictment met the requirements of the public records hearsay exception under Rule 803(8). *Id.* at 1300. In doing so, the Eleventh Circuit commented that "only minimal foundational testimony is required in order to admit public records under Rule 803(8)." *See United States v. Loyola-Dominguez*, 125 F.3d 1315, 1318 (9th Cir. 1997) ("[T]he public records exception is one of the few hearsay exceptions that does not require a foundation."); 5 Weinstein's Fed. Evid. at § 803.10[2] ("Since the assurances of accuracy are generally greater for public records than for regular business records, the proponent is usually not required to establish their admissibility through foundation testimony."). Moreover, the party attempting to admit the evidence does not need to establish that the report is trustworthy; "[t]he burden is on the party opposing admission to prove the report's untrustworthiness."

4

In *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398 (6th Cir. 2006), the Sixth Circuit found that the district court did not abuse its discretion in admitting notices of arrest, a Korean complaint, and investigative reports under Rule 803(8). Furthermore, the Sixth Circuit stated that the Korean indictments and attendant court records were admissible under Rule 803(22) because "several courts have held that an indictment from a previous conviction is properly included within the scope of Rule 803(22) and is thus admissible." *Id.* at 412. *See Maynard v. Dixon*, 943 F.2d 407, 414 (4th Cir. 1991) (holding that an indictment relating to a previous conviction is admissible and does not implicate the confrontation clause).

In the case at bar, the information, judgment, and sentences are clearly relevant, they bear a stamp from the Pasco County Clerk of Court certifying that the document is a true copy as the same document appearing in the Clerk of Court's files. Like the information admitted in *Maynard*, the information here is admissible under Rule 803(22) because it bears "circumstantial guarantees of trustworthiness." *Id* at. 414. Furthermore, the indictment in this case accompanies the judgment and sentence to provide critical context for the convictions. Indeed, the rule of completeness (Rule 106) necessitates the information to be admitted with the judgment and sentence. It has been consistently held that Rule 106 permits introduction of additional matter that is relevant and necessary to qualify, explain, or place into context evidence that is already introduced. *See United States v. Langford*, 647 F.3d 1309, 1330 (11th Cir. 2011).

With respect to Rule 803(8)(A)(iii)'s exclusion for "in a criminal case, a matter

observed by law enforcement," the government submits that this provision is intended to apply to documents such as arrest reports which are drafted by law enforcement officers of matter which they observe and not applicable to charging instruments such as indictments or informations drafted by prosecutors. Furthermore, public records are nontestimonial under *Crawford v. Washington*, 541 U.S. 26, 124. *See also, United States v. Torralba-Mendia*, 784 F.3d 652 (9th Cir. 2015).

Counsel for the United States conferred with counsel for defendant Sychowski, who objects to the requested relief.

WHEREFORE, the evidence described and referenced in this notice should be admitted at trial pursuant to Fed. R. Evid. 803(6) and 902(11), 803(22), 803(8) and 902(4), 807, or 201.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: /s/ David W.A. Chee
David W.A. Chee
Assistant United States Attorney
Florida Bar No. 109659
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: David.Chee@usdoj.gov

U.S. v. Sychowski                                    Case No. 8:23-cr-190-WFJ-TGW

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Victor D. Martinez, Esq.

/s/ David Chee
David W.A. Chee
Assistant United States Attorney
Florida Bar No.: 109659
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: David.Chee@usdoj.gov

7