UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 8:23-cr-167-KKM-AAS

JAMES PATRICK SYCHOWSKI,

    Defendant.

_____

## ORDER

An ambiguity in the verdict form became apparent at the defendant's sentencing on March 11, 2025. The jury returned a guilty verdict on a verdict form that reads "Count One of the Indictment." (Doc. 133.) Because the grand jury returned a Superseding Indictment, (Doc. 40), the question arose whether I ought to dismiss the original Indictment, (Doc. 1), or the Superseding. Both Indictments charged the defendant with the same substantive offense of Possession of Ammunition by a Convicted Felon. The United States moves to dismiss the original Indictment. (Doc. 145.)

Dismissal of the original indictment is proper. At trial, the parties all proceeded under the assumption that trial was on the Superseding Indictment. The verdict form tracks the language of the Superseding Indictment, not the Indictment. *Compare* Jury Verdict ("in violation of [18] U.S.C. §§ 922(g)(1) and 924(e)"), *and* Superseding Indictment ("In

violation of 18 U.S.C. §§ 922(g)(1) and 924(e)"), *with* Indictment ("In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8)"). A redacted copy of the Superseding Indictment, not the Indictment, went back with the jury. And nothing suggests that the jury believed it was adjudicating a different indictment from the one of which it had a copy. *Cf. United States v. Piper*, 912 F.3d 847, 861–62 (5th Cir. 2019) (per curiam). I therefore conclude that the verdict was on Count One of the Superseding Indictment and dismissal of the original Indictment is appropriate.

Accordingly, the following is **ORDERED**:

1. The United States's Motion to Dismiss Indictment (Doc. 145) is **GRANTED**.

2. The Indictment (Doc. 1) is **DISMISSED**.

**ORDERED** in Tampa, Florida, on March 13, 2025.

Kathryn Kimball Mizelle
United States District Judge